IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. ACTION NO. 25-00430-JB-N |
| | ) | |
| SHERIFF HOSS MACK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Draper Frank Woodyard proceeding without the assistance of an attorney (*pro se*) and without prepayment of fees (*in forma pauperis*) filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Because Plaintiff, a prisoner, was granted leave to proceed in this action without prepayment of fees (*see* doc. 3), his complaint is subject to review, under §1915, and is due to be dismissed "at any time if the court determines that . . . the action or appeal - - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Upon review of the complaint (Doc. 1), the undersigned finds that Plaintiff has failed to state a claim against Defendants Sheriff Mack and "4 Unknown Nurses" and **RECOMMENDS** that Defendants be **DISMISSED without prejudice** from this action and that Plaintiff's complaint be **DISMISSED without prejudice**.

**I. Standard of Review.**

Pursuant to § 1915, the Court is to review the plaintiff's complaint to identify cognizable claims and to dismiss the complaint, or any portion of the complaint, "if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2); *see also* § 1915(e)(2)(B)(i-iii). Dismissal for these reasons is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint. . . ."); § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines "that the claims are frivolous or fail to state a claim.).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6) or (c). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)."). A complaint is "frivolous" under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Neitzke*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Bilal*, 251 F.3d at 1349. A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (internal quotation marks

omitted). For a complaint to have facial plausibility, the complaint must have sufficient factual allegations that "raise a right to relief above a speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and the allegations must "sho[w] that the pleader is entitled to relief." *Id*. at 557 (quoting Fed. R. Civ. P. 8(a)(2)) (brackets in original).

In reviewing the complaint, the Court "accepts the complaint's factual allegations as true[.]" *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). The Court also liberally construes the plaintiff's complaint allegations, holding them to a more lenient standard than those of an attorney. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this leniency does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citations omitted).

## II. Discussion.

### A. Background.

The complaint before the Court was originally docketed as an amended complaint in case number 25-cv-168-JB-N, *Woodyard v. Baldwin County Sheriff's Office, et al.* (*See* 25-cv-168-JB-N (Doc. 9)). That action was reviewed under 28 U.S.C. § 1915, and Woodyard was informed of the pleading deficiencies, instructed on how to cure the deficiencies, and ordered to file an amended complaint. (*See* 25-cv-168-JB-N (Doc. 13)). Woodyard responded to the Court's screening with clarification that he did not file his claims against Sheriff Mack and the four unknown nurses as an amendment or supplement to the complaint in 25-cv-168-JB-N. Rather, Woodyard stated he intended the allegations against Sheriff Mack and the four unknown nurses to be a separate civil action, distinct from 25-cv-168-JB-N. (25-cv-168-JB-N (Doc. 15)). Per Woodyard's clarification and request, the complaint was transferred from 25-cv-168-JB-N and

opened as a new civil action – this current action. (*See* 25-cv-168-JB-N (Doc. 18)). Upon opening this current action, the Court again ordered Woodyard to file an amended complaint to clarify the claims to be included in this action. (*See* Doc. 3). To date, he has failed to do.

**B. Complaint Allegations**

Read liberally, Woodyard claims Defendants Sheriff Mack and four unknown nurses were deliberately indifferent to his serious medical needs following an inmate assault on June 21, 2024. (Doc. 1). Woodyard alleges that he suffered an eye injury from the assault that required immediate medical attention at the local hospital, including sutures, a CT scan, and orders to follow up with an eye doctor. (*Id*. at 3). He asserts that upon return from the hospital to the Baldwin County Corrections Center ("the Jail"), he was placed in the segregation unit, rather than the medical unit. Six days later, "half of the sutures were removed and, the other half were left." (*Id.*). He claims he "painfully" removed the sutures himself "30 days after the doctor said they would have to be removed or dissolved." (*Id.*).

Woodyard also asserts that he was taken to Baldwin Eye Care on July 2, 2024, for follow up treatment, but was denied prescribed "bifocal glasses" after he was found to be "farsighted." (*Id.* at 4). He claims he is homeless with no family to purchase the glasses for him, and although he offered to pay for the glasses, his insurance was declined by the county jail officials, and he has heard nothing back from United Corrections Medical Services who contracts with the Jail to provide medical care to inmates. (*Id.*).

**C. Section 1983 Deliberate Indifference Claims**

Prison and jail officials are prohibited under the United States Constitution from acting with deliberate indifference to a prisoner's serious medical need.[1] *Farmer v. Brennan*, 511 U.S.

---

[1] Because Plaintiff was a pretrial detainee at the time the complaint arose, his claims fall under the Due Process Clause of the Fourteenth Amendment. *Bozeman v. Orum*, 422 F.3d 1265,

825, 832 (1994). To state a claim for deliberate indifference to serious medical needs, a plaintiff must show that "(1) the injured party suffered a deprivation that was objectively 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190-91 (11th Cir. 2025) (quoting *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc)). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019) (quotation marks and citation omitted). Left unattended, the need must "pose[] a substantial risk of serious harm." *Taylor v. Adam*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quoting *Farmer*, 511 U.S. at 834). To establish deliberate indifference, a "plaintiff must show that the defendant acted with 'subjective recklessness as used in the criminal law,' *Farmer*, 511 U.S. 825, 839 (1994), which requires a demonstration that the defendant actually knew that his conduct – his own acts or omissions – put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1254. A delay in medical treatment violates the Eighth Amendment where it causes a worsening of the plaintiff's condition, long-term consequences, or unnecessary pain. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1307 (11th Cir. 2009) ("[A] serious medical need is determined by whether a delay in treating the need worsens the condition."); *Harris v. Coweta Cty.*, 21 F.3d 388, 393-94 (11th Cir. 1994) (a seven-week delay in treating a plaintiff's hand condition created a genuine issue of material fact about deliberate indifference).

---

1271 (11th Cir. 2005). However, the Eleventh Circuit has made clear the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons," *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023) (quoting *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985)), which forbids deliberate indifference to a prisoner's serious medical need under the Eight Amendment's cruel and unusual punishments clause. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Currently, Woodyard has not pleaded sufficient facts to demonstrate deliberate indifference to a serious medical need. While the federal rules "do[] not require detailed factual allegations [in a complaint]" they "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677-78 (citations and some quotations omitted). *See also Duty Free*, 797 F.3d at 1262 (Courts "'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.'" (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam))). The complaint allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332 (2020).

To start, Woodyard has failed to allege facts showing that his need for bifocals constitutes a serious medical need. While a medical need does not have to be "life-threatening to be serious," *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 20210), it must result in further significant injury or harm if left untreated. *Taylor v. Adam*, 221 F.3d at 1257. The complaint is void of factual allegations demonstrating that he has suffered more than an inconvenience by the lack of eyeglasses. That is, nothing in the complaint suggests that his daily living has been significantly impaired or that he has any lasting effects from not wearing his prescribed bifocals.

*Alexander v. Richter*, 756 F. App'x 611, 614 (7th Cir. 2018) (noting the need for prescription glasses could be a serious need if an inmate needed them to avoid double vision and the loss of depth perception); *but see Conway v. Wexford Health Servs.*, No. 3:17-CV-110, 2020 WL 1433830, at *4-5 (S.D. Ill. Mar. 24, 2020) (concluding inmate did not have serious medical need for glasses because his prescription required only a mild correction and the lack of glasses, while inconvenient, did not significantly impair his daily living). What the complaint confirms is that Woodyard's eye care needs were not ignored following the inmate assault on June 21, 2024, as he was taken to the local hospital and later received follow up care at an outside eye clinic. The mere fact that Woodyard was prescribed bifocals is insufficient to constitute a serious medical need, as Woodyard has failed to show he faced a substantially serious risk of harm without them and that the defendants were subjectively aware of this need. *Avila v. Landgrebe*, No. H-12-2315, 2013 WL 1336586, at *6 (S.D. Tex. Mar. 29, 2013) ("Glasses are necessary and must be issued when an inmate is blind and unable to function without them."); *Swaissi v. Cotten*, No. 3:01-CV-1607-D, 2002 WL 492905, at *2 (N.D. Tex. Mar. 28, 2002) (nearsightedness causing inmate difficulty reading, writing, and watching television was not a serious medical need); *Nicholson v. Choctaw County, Alabama,* 498 F. Supp. 295, 308 (S.D. Ala. 1980) (finding county sheriffs "are under no duty to provide prosthetic devices such as eyeglasses or dentures. . ." to inmates, as the county does not provide these services to its free world citizens).

Similarly, delay in suture removal or a refusal to remove sutures could rise to a constitutional level but does not here because Woodyard's allegations are simply insufficient to plausibly show deliberate indifference. His allegation that he suffered "pain" from removing the sutures himself is conclusory and fails to demonstrate an objectively serious medical need. The complaint is void of facts suggesting that the delayed suture removal caused an infection,

swelling, bleeding, skin growing over the suture(s), etc. No facts reveal how big the incision was or how many sutures were placed or remained. And no facts indicate the severity or duration of "pain" inflicted upon the removal of the sutures. Nor do facts support that the delay caused the "pain" upon removal. The complaint is simply void of facts showing any worsening of Woodyard's condition or injury caused by the delay in suture removal. Thus, Woodyard has failed to plead an objectively serious injury. *Vega v. Carner*, No. 24-14063, 2026 WL 686540, at *4 (11th Cir. Mar. 11, 2026) (requiring addition details of inmate pulling out his stitches necessary to support the objective element of a deliberate indifference claim). Additionally, Woodyard has not identified which member(s) of the medical staff, if any, were aware that he faced a substantial risk of serious harm from the failure to timely remove his sutures. He does not articulate the specifics of any grievance(s) or request(s) submitted through the jail kiosk, the date(s) filed, nor to whom he directed the grievance(s) or request(s). Neither does the complaint provide information regarding the received response(s) from the grievance(s) or request(s) submitted through the jail kiosk. Indeed, the complaint does not even specify the names of the medical staff he alleges are responsible for the alleged violation. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("[F]ictitious-party pleading is not permitted in federal court," unless the plaintiff's description of the defendant is so specific" as to make the name, "at the very worst, surplusage.") (citations omitted). The complaint simply fails to support any of the elements necessary to establish deliberate indifference, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, to the extent Woodyard seeks relief from Sheriff Mack, he has also failed to state a claim upon which relief may be granted. Because Woodyard does not claim that Sheriff

Mack personally failed to remove his sutures or get his eyeglasses, it appears Woodyard in suing Sheriff Mack as a supervisor. This requires Woodyard to show a causal connection between Sheriff Mack's actions, orders, customs, or policies and the alleged violation of Woodyard's rights. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). A casual connection may be established by alleging sufficient facts that show:

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Myrick v. Fulton County, Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (quotation omitted). A custom is "a practice that is so settled and permanent that it takes on the force of the law." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (quotation omitted). "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *Id.* (quotation omitted); *see also Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011) (stating that proof of a single incident of unconstitutional activity is insufficient to show a policy or custom under § 1983 even when the incident involved several employees of the defendant). Woodyard has failed to put forth any allegations to show a persistent, widespread practice demonstrating that the Baldwin County Corrections Center or its staff had a policy or custom, put in place by Sheriff Mack to deny medical care (specifically suture removal) or eyeglasses, or to violate the constitutional rights of inmates in any manner. *McDowell*, 392 F.3d at 1290. Instead, Woodyard makes vague, conclusory allegations supported solely by his personal experience on or around June and July of 2024. His single, isolated experiences are insufficient to establish a liability against Sheriff Mack under § 1983. *See Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("[R]andom acts or isolated

incidents are insufficient to establish a custom or policy.”). Moreover, there can be no supervisory liability when there is no underlying constitutional violation. *Stalley v. Cumbie*, 124 F.4th 1273, 1288 (11th Cir. 2024). Accordingly, Woodyard cannot plausibly state a supervisory claim against Sheriff Mack.

**D. Leave to Amend**

“Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted.” *Walters v. New Mexico*, No. 6:21-cv-1510-WWB-LRH, 2021 WL 5827872, at *4 (M.D. Fla. Nov. 17, 2021) (citing *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam), *report and recommendation adopted*, 2021 WL 5826238 (M.D. Fla. Dec. 8, 2021); *see* Fed. R. Civ. P. 15(a)(2) (“The court should freely give leave [to amend] when justice so requires.”); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984) (stating that “leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly”). However, leave to amend may be denied if an amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam); *see Walters*, 2021 WL 5827872, at *4 (recommending that complaint be dismissed without prejudice for lack of subject matter jurisdiction but without leave to amend because amendment would be futile).

Here, amendment would be futile, as Woodyard has already been instructed on the deficiencies of this complaint and ordered to file an amended complaint, which he has failed to do. Based on the allegations, there is no reason to think that Woodyard could plead additional facts to show a constitutional violation. Moreover, Woodyard is well aware of the elements necessary to establish his asserted claims and the federal pleading rules, as he has filed no less than 27 civil actions in this Court since January 2025, and the Court has repeatedly laid out the

elements needed for his commonly asserted claims of deliberate indifference, failure to train and supervisory liability.[2] Accordingly, further opportunity to amend is not appropriate and would be futile.

## III. Conclusion.

For the reasons discussed herein, it is it is **RECOMMENDED** that this complaint be **DISMISSED without prejudice** prior to service on the defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings

---

[2] *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)).

[3] Based on the June and July 2024 incident dates provided in the complaint, the Court acknowledges that a dismissal without prejudice here has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (per curiam) ("All constitutional claims brought under [42 U.S.C.] § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. In Alabama, . . . that limitations period is two years." (citation and quotation omitted)). As such, the dismissal is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Nevertheless, even if the applicable statute of limitations would preclude Woodyard's claims if he refiled his complaint, the undersigned finds that dismissal for failure to state a claim is still warranted because, as explained above, Woodyard's allegations without more have repeatedly been found insufficient by other courts to rise to a constitutional level. Accordingly, sanctions less than dismissal are inadequate.

or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **29th** day of **September 2026**.

**/s/ KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**